|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>JUL 28 2010<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** william    **DEPUTY CLERK** |

| In re:<br><br>David O. Watson,<br>Barbara C. Watson<br><br>                                                                      Debtor(s).<br><br>Jerry Namba<br><br>                                                                      Trustee. | CHAPTER:    7<br><br>CASE NO.:    9:10-bk-12650-RR<br><br>DATE:    July 27, 2010<br>TIME:    9:00 AM<br>CTRM:    201<br>FLOOR:    2nd |
|---|---|

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
## (MOVANT:  Wells Fargo Bank, NA )

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:*    **2879 Geary Place**
   *Apartment/Suite No.:*    **Unit 2801**
   *City, State, Zip Code:*    **Las Vegas, NV 89109-0218**

   Legal description or document recording number (including county of recording):



   ☐ See attached page.

3. The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
                                            ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.    ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.    ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                                             **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| David O. Watson | | | |
| Barbara C. Watson | | Debtor(s) | CASE NO: 9:10-bk-12650-RR |

6.  ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7.  ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.  ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
    ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
    ☐ multiple bankruptcy filings affecting the Property.

    If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a.  ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b.  ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c.  ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d.  ☐ See attached continuation page for additional provisions.

Dated:   07/28/2010

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                       **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| David O. Watson | | | |
| Barbara C. Watson | | Debtor(s) | CASE NO: 9:10-bk-12650-RR |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 Was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 7-27-10, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

jnambaepiq@earthlink.net, jnamba@ecf.epiqsystems.com
ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entities(ies) at the address(es) indicated below:

David O Watson
PO Box 385
Pismo Beach, CA 93448-0385

David Farmer
P.O. Box 1443
San Luis Obispo, CA 93406

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entities(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                             **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| David O. Watson | | | |
| Barbara C. Watson | | Debtor(s) | CASE NO: 9:10-bk-12650-RR |

# SERVICE LIST

Christopher M McDermott
4375 Jutland Dr Ste 200
San Diego, CA 92117

___

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*  **F 4001-1O.RP**

**Multistate**                          NOTE                         FHA Case No.

December 15, 2008
[Date]

2879 GEARY PLACE, UNIT 2801, LAS VEGAS, NV 89109-0218
[Property Address]

### 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means PRIMELENDING, A PLAINSCAPITAL COMPANY

and its successors and assigns.
### 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
One Hundred Eighty One Thousand Three Hundred Fifty Six And No/100ths ***

Dollars (U.S. $ 181,356.00 ***     ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of      Five And 500/1000ths
percent (     5.500       %) per year until the full amount of principal has been paid.
### 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.
### 4. MANNER OF PAYMENT
   (A) **Time**
       Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
February  1      , 2009    . Any principal and interest remaining on the first day of   January          ,
  2039     , will be due on that date, which is called the "Maturity Date."
   (B) **Place**
       Payment shall be made at   18111 Preston Rd., Suite 900, Dallas, TX 75252
                                                 or at such place as Lender may designate in writing
by notice to Borrower.
   (C) **Amount**
       Each monthly payment of principal and interest will be in the amount of U.S. $      1,029.72 *** . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
   (D) **Allonge to this Note for payment adjustments**
       If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   ☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95
VMP -1R (0210).02
     VMP Mortgage Solutions (800)521-7291
Page 1 of 2                    Initials:


